Onyinye Anyama Esq. (SBN: 262152)
**ANYAMA LAW FIRM | A Professional Corporation**
18000 Studebaker Road, Suite 325
Cerritos, California 90703
Tel. (562)645-4500; Fax. (562)645-4494

General Insolvency Counsel For
Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re: | Case No.1:17-bk-13263-MT |
| | Chapter 11 |
| EDUARDO ANTONIO CANAS | **DEBTOR-IN-POSSESSIONS MOTION TO CONFIRM CHAPTER 11 PLAN OF REORGANIZATION; DECLARATION OF EDUARDO ANTONIO CANAS IN SUPPORT THEREOF** |
| Debtor-in-possession | **PLAN CONFIRMATION**<br>**DATE: September 26, 2018**<br>**TIME: 9:30 a.m.**<br>**CRTM: 302**<br>**PLACE: United States Bankruptcy Court**<br>    21041 Burbank Boulevard, Suite 324<br>    Woodland Hills, CA 91367 |

Eduardo Antonio Canas, the Debtor and Debtor-in-possession, through his attorney, Anyama Law Firm, respectfully submits this Memorandum of Law in Support of Confirmation of Plan of Reorganization.

- MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION PURSUANT TO §1129(a)-    1

## I. INTRODUCTION

On May 16, 2018, Debtor filed his Disclosure Statement in support of his Chapter 11 Plan of Reorganization (the "Plan"). This Court approved debtors' Disclosure statement on July 19, 2018, see Court Docket no.66.

## DESCRIPTION OF THE DEBTOR AND HIS ASSETS AND EVENTS LEADING TO BANKRUPTCY

Eduardo Antonio Canas Eduardo Antonio Canas is an individual, resident of the state of California, County of Los Angeles. Mr. Canas is a Real Estate Agent. The events leading to bankruptcy was due to Mr. Canas previously filing for chapter 13 case but was unsuccessful due to failure to make plan payments and failure to submit the documents needed. Debtor filed a previous chapter 11 petition to reorganize the debts associated with the following property, however the case was dismissed due to his personal income being inconsistent. Debtor is now employed with Q Biz Media, Real Innovate Realty, and Got Mortgage. He is now receiving paystubs and will be able to deposit personal income on a consistent basis.

Debtors' Chapter 11 goal is to reorganize the debts owed on the real property.

The Debtor's asset is encumbered by holders of secured claims. The principal asset in this case is the real property currently owned by the debtor.

a) **1315 S. Keene Avenue, Compton, CA** *(single family home)* Title held by Debtor

## II. JURISDICTION

- MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION PURSUANT TO §1129(a)-   2

Pursuant to 28 U.S.C. § 1334 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, jurisdiction of the above-captioned chapter 11 case is vested in the United States District Court for the Central District. The United States District Court has referred, pursuant to 28 U.S.C. § 157(a), all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy judges of the district. This case having been so appropriately referred to the bankruptcy court grants the above-entitled court jurisdiction to make and enter an appropriate and final order of confirmation of the Plan pursuant to 28 U.S.C. § l57(b)(l) and (b)(2)(L).

### III. BASIC STRUCURE OF THE PLAN

The Plan provides that on the Effective Date, or as soon as possible thereafter, the Debtor will make monthly distributions to pay creditors and pay unsecured claimants their full claims.

### IV. CONFIRMATION CRITERIA

Section 1129(a) of the Bankruptcy Code sets forth, in sixteen enumerated paragraphs, the requirements that must be complied with before a plan of reorganization will be confirmed. 11 U.S.C. §1129(a). This memorandum demonstrates conclusively below that each of the requirements in U.S.C. §1129(a) have been complied with.

It is clear that the Bankruptcy Court must hold an evidentiary hearing in ruling on confirmation of the Plan. Acequia, lnc. v.Clinton (In re Acequia, Inc.), 787 F.2d 1352. 1358 (9th Cir. 1986). The role of the Court in the confirmation process has been described by the Court in In re Holthoff, B.R. 216, 281 (Bankr. E.D. Ark. 1985) as follows:

- MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION PURSUANT TO §1129(a)-    3

"In addition to the consideration of objections raised by creditors, the Court has a mandatory independent duty to determine whether the Plan has met all of the requirements necessary for confirmation."

"Regardless of whether valid objection to confirmation has been asserted, however, the Code imposes upon the Court the responsibility to determine whether the requirements of Section 1129(a) have been met… Discharging this responsibility does not entail investigation for the Debtor, but it does require sufficient documentation to be submitted and to ask appropriate questions concerning the requirements of Section 1129(a). "In re Prudential Energy Company, 58 B.R. 857,862 (Bankr. E.D.N.Y.1986).

The debtor submits that the following points and authorities establish a basis for the confirmation of the Plan by the Court.

### a. Section 1129(a)(l): Compliance with Applicable Provisions of Chapter 11

Section 1129(a) requires the Plan to comply with the applicable provisions of Chapter 11. In general, the Plan must comply with Sections 1122 and 1123 of the Code.

### b. Debtor's Classification Scheme Complies with Section 1122.

Section 1122(a) requires the Plan to place a claim or interest in a particular class only if such claim or interest   is substantially similar in nature to the other claims or interests of such class. The Plan designates the following classes:

Class 1: Administrative Claims

Class 3: Unimpaired Secured Claims

- MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION PURSUANT TO §1129(a)-    4

Class 5: Impaired Secured Claims

Class 6: Unsecured Claims Class

These classes have been structured to take into account the special provisions of each

### c. The Plan contains the provisions required by 11 U.S.C. §1123(a)

11 U.S.C. § 1123(a)(1) requires that the Plan must designate, subject to Bankruptcy Code section 1122, classes of claims, other than claims of kind specified in sections 507(a)(l), 507(a)(2), and 507(a)(7). The Plan designates classes of claims and interests in accordance with this requirement.

11 U.S.C. § Section 1123(a) (2) requires that Plan specify any class of claims or interests that is not impaired under the Plan. The Plan specifies classes of claims and interests not impaired under the Plan and the treatment thereof thereby satisfying the requirement of Section 1123(a) (2).

11 U.S.C. § 1123(a) (3) requires that the Plan specify the treatment of any class of claims or interests under the Plan. The Plan specifies the treatment of the class, and indicates whether the claim is impaired or not impaired.

11 U.S.C. § 1123(a) (4) requires that the Plan provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a different treatment. The Plan specifies identical treatment of all claims and interests in a class unless a holder agrees to a different or less favorable treatment.

11 U.S.C. § 1123(a) (5) requires that the Plan provide adequate means for the Plan's implementation. The cash flow of the debtor is sufficient to fund the plan. The Disclosure statement

Case 1:17-bk-13263-MT    Doc 74    Filed 09/14/18    Entered 09/14/18 16:03:40    Desc
Main Document    Page 6 of 20

indicates that the monies will be applied to pay administrative and priority claimants, and that the balance will be used to fund the ongoing operation of the Debtor. The Debtor will have sufficient cash on hand to make payments required on confirmation.

11 U.S.C. § 1123(a) (6) requires that a Plan provide for the inclusion in the charter of the debtor, if the debtor is a corporation, of a provision prohibiting the issuance of non-voting equity securities. This is not a corporate bankruptcy and as a result, this requirement is not applicable.

11 U.S.C. § 1123(a)(7) is not applicable in this case insofar as this case does not involve a corporate debtor and the Plan does not implicate any issues with regard to the selection of any officer, director, or trustee.

11 U.S.C. § 1123(a) (8) specifies that individual debtors must use future income to fund the plan. The Debtor herein, are using future income to fund the Plan and this requirement is therefore fulfilled.

**D. Subsection (b) of Section 1123 specifies permissive provisions that may be included under the Plan.**

11 U.S.C. § 1123(b) (1) provides that the Plan may impair or leave impaired any class of claims or interests. The debtor's Plan has impaired claims.

11 U.S.C. § 1123(b)(2) specifies that, subject to Section 365 of the Bankruptcy Code, the plan may provide for the assumption or rejection of any executory contract or unexpired lease not previously rejected. The Disclosure statement indicates debtor will assume his rental contract with the tenant on the rental property.

11 U.S.C. § 1123(b)(3) specifies that the Plan may provide for the settlement or adjustment of any claim or interest belonging to the debtor or the estate for the retention and enforcement by the Debtor, by the Trustee, or by a representative of the estate appointed for such purpose of such claim or interest.

The Plan provides that the debtor shall retain a right to object to any claim. The Debtor believes that the balances of the claims are dealt with under the Plan.

11 U.S.C. § 1123(b) (4) permits the Plan to provide for the sale of all or part of the property of the estate. The Plan does not propose any sale.

11 U.S.C. § 1123(b) (5) provides that the Plan may include any other appropriate provisions not inconsistent with the applicable provisions of the Code. The Plan discussed the effect of confirmation, amendments or modification, retention of jurisdiction. These provisions are consistent with the Bankruptcy Code.

Based on the foregoing analysis, it is respectfully submitted that the Plan complies with the applicable provisions of Section 1129(a) (1).

**E. Section 1129(a) (2) The Plan proponent has complied with the applicable provisions of the Bankruptcy Code**

1. Section 1129(a) (2); he has filed schedules, appeared at hearings, filed a disclosure statement and plan of reorganization; thereby he has satisfied the requirements of the code.
2. Section 1129(a)(3); The plan has been Proposed in Good Faith and Not by Any Means Forbidden by Law

The term "good faith" is not specifically defined in the Code. However "good faith" is assessed by the totality of circumstances, and requires an exercise of fundamental fairness in dealing with creditors, and requires that a plan achieve a result consistent with the objectives and purposes of the Bankruptcy Code. In re Jorgensen, 66 B.R. 104, 109 (Bankr. 9th.Cir. 1986). The proposal of the Plan is consistent with the objectives and purposes of the Bankruptcy Code and was made with honesty and good intentions and with a basis for expecting that, under the circumstances, it was the best means for maximizing any recovery by creditors of the Debtor.

### 3. Disclosure of Payments (11 U.S.C. § 1129(a) (4)).

Bankruptcy Code section 1129(a) (4) requires that any payment made or to be made by the proponent, the debtor, or by a person issuing securities, or acquiring property under the Plan, for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of the court, as reasonable. 11 U.S.C. § 1129(a)(4); see In re Texaco Inc.,84 B.R. at 907-908; In re Future Energy Corp., 83 B.R. at 487-488; 7 Collier on Bankruptcy, C)[ 1129.03[4] (Matthew Bender 15th ed. rev.). Unclassified Claims of the Plan provides that "Professionals employed at the expense of the Estate, and any entities which may be entitled to an allowance of fees and expenses from the Estate pursuant to §503(b)(2) through (6) of the Code, shall receive cash in the amount awarded to such professionals and entities as soon as practicable after an order is entered by the Court approving such award pursuant to Sections 330 or 503(b)(2) through (6) of the Code ...." Said procedure for review and ultimate determination by the court of the professional fees and expenses to be paid by the Debtor

satisfies the requirement of section 1129(a) (4). See In re Sound Radio, Inc., 93 B.R. at 854; In re Texaco Inc., 84 B.R. at 908; In re Future Energy Corp., 83B.R. at 488. "Court approval of payments for services and expenses is governed by various Code provisions-e.g., §§ 328, 329, 330, 331 and 503(b) -and need not be explicitly provided for in a Chapter 11 Plan." In re Future Energy Corp., 83 B.R. at 488. In this case, the debtor disclosed pre-petition retainer paid to the professionals and such retainer was approved by the Court Docket no.30. Debtor's counsel will be filing a Fee Application on or before October 25, 2018. Thus, the Plan complies with section 1129(a) (4).

**Regulatory Approval re Rate Changes (11 U.S.C. § 1129(a) (6)).**

The provisions of Section 1129(a) (6) are not applicable in this case.

**4. Best Interest of Creditors Test (11 U.S.C. § 1129(a) (7)).**

Bankruptcy Code section 1129(a) (7) sets forth the "best interest of creditors" test. 11 U.S.C. § 1129(a)(7); see Kane v. Johns-Manville Corp., 843 F.2d at 649; In re Texaco Inc., 84 B.R. at 908-909; In re Victory Construction Co., Inc., 42 B.R. at 151; In re Toy & Sports Warehouse, Inc., 37 B.R. at 150. Subsection 1129(a) (7) provides that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan property of a value as of the Effective Date, not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 on such date.

In this case, the debtor has proposed to pay 1% of the claims. Conversion of this chapter 11 case to a chapter 7 liquidation case would result in additional delay and expense and would reopen

the bar date for filing claims. Accordingly, under the Plan, any recovery by creditors will exceed that which would occur in a chapter 7 liquidation. Therefore, the Plan satisfies the "best interest of creditors" test of 11 U.S.C. § 1129(a) (7).

**5. Acceptance of Plan (11 U.S.C. § 1129(a) (8)).**

Section 1129(a) (8) requires that each class of claims or interests either accepts the Plan or is not impaired under the Plan. 11 U.S.C. § 1129(a) (8); see In re Texaco Inc., 84 B.R. at 909. The requirement of section 1129(a) (8) is the only condition precedent included in section 1129(a) which is not only absolutely necessary for confirmation. "If a Plan satisfies the confirmation criteria set forth in section 1129(a), including the requirement that if a class of claims is impaired, at least one impaired class of claims accepts the  11 U.S.C. § 1129(a) (10), the Plan may be confirmed notwithstanding the opposition of one or more impaired classes of claims or interests, provided the Plan satisfies section 1129(b)."

7 Collier on Bankruptcy, J [1129.03[8] 44 (Matthew Bender 15th ed. rev.).

As discussed above, whether a class has accepted the Plan is determined by reference to section 1126. 11 U.S.C. § 1126. Under section 1126(f) any class which is not impaired under the Plan is conclusively presumed to have accepted the  Plan. 11 U.S.C. § 1126(f); See In re Victory Const. Co., Inc., 42 B.R. 145, 152 (Bankr. C.D. Cal. 1984). Because the Plan does not impair Class 3(a), Administrative Claims and Priority Claims, each of those classes are deemed to have accepted the Plan. See 11 U.S.C. § 1126(f). Class 5(b), and 6(b) are impaired under the Plan. Accordingly, the holders of allowed claims in those classes were entitled to vote on the Plan.

- **MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION PURSUANT TO §1129(a)**-    10

With respect to an unsecured class, "fair and equitable" means that each claimant receives or retains property of value equal to allowed claim, or the holder of a junior claim neither receives nor retains property on account of such claim. 11 U.S.C. §1129(b) (2) (B). Here, debtor has received a vote in favor of the plan from class 5(b) and Class 6(b).

Section 1129(b)(1), a plan can be confirmed despite the non-acceptance of Class 5 claims where the Plan does not discriminate unfairly and is fair and equitable with respect to the rejecting Class. In this case, the plan as proposed is fair and equitable and has been accepted by Class 5(b) and 6(b). Debtor proposes an equal payout of 1% on each of the claims, and the plan should be confirmed under this Section.

**6. Administrative and Priority Claims (11 U.S.C. § 1129(A) (9)).**

The plan can only be confirmed if administrative claimants are paid in full on the effective date unless otherwise agreed. 11 U.S.C. §1129(a) (9) (A). The plan may make deferred cash payments to accepting holders of non-priority tax claims, while rejecting holders of such claims must be paid the amount of their allowed claim on the effective date. *Id.* At §1129(a) (9) (B) (i)-(ii). However, the plan may make deferred cash payments to holders of allowed priority tax claims so long as the claimants will receive an amount equal to the allowed amount of the claim as of the effective date, over a period of not more than five years from the petition date. *Id*. at §1129(a) (9) (C). The Plan satisfies this requirement. Debtor will pay any outstanding administrative fees upon approval of fees and on the effective date. See Disclosure Statement.

### 7. Minimum Acceptance (11 U.S.C. § 1129(a) (10)).

Bankruptcy Code section 1129(a)(10) requires as a condition of confirmation that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. 11 U.S.C. § H29 (a) (l0); see In re Texaco Inc. • 84 B.R. at 910. As discussed above, section 1126 provides the requirements for determining acceptance. Section 1129(a) (10) requires affirmative acceptance of a Plan by at least one impaired class of claims, unless all classes of claims are left unimpaired. 5 Collier on Bankruptcy, 11129.02[10] (15th ed. rev.), citing In re Russell, 12 B.R. Ct. Dec. (CCR) 571. Therefore, the requirements of 11 U.S.C. § 1129(a) (10) are satisfied.

### 8. Feasibility (11 U.S.C. § 1129(a) (11)).

Bankruptcy Code section 1129(a)(11) requires as a condition of confirmation that the court find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan. 11 U.S.C. § 1129(a) (ll); see Kane v. Johns-Manville Corp. • 843 F.2d at 649; In re Sound Radio, Inc., 93 B.R. at 855-56; In re Texaco Inc. • 84 B.R. at 910. The feasibility standard is whether the Plan offers a reasonable assurance of success. Success need not be guaranteed. Kane v. Johns-Manville Corp.843 F.2d at 649; Prudential insurance Co. v. Monnier (In re Monnier Brothers), 155 F.2d 1336, 1341 (8th Cir. 1985); In re American Solar King Corp., 90 B.R. at 892-893; In re Prudential Energy Company. 58 B.R. 857, 862 (Ban. S.D.N.Y. 1986).

Guaranteed success in the stiff winds of commerce without the protection of the Code is not the standard under section 1129(a) (1). Most debtors emerge from reorganization with a significant handicap. But a plan based on impractical or visionary expectations cannot be confirmed. In re Prudential Energy Company, supra, at 862, citing In re Clarkson, 767 F.2d 417, 420 (8th Cir. 1985); see In re American Solar King Corp., 90 B.R. at 833.

The Plan is feasible because the debtor will be able to pay the amounts due to the secured and unsecured creditors under the Plan as set forth in the projections attached to the Disclosure Statement. The payments will be funded in part by rent and proceeds of the rental properties and debtor's regular income.  Finally, the Plan is feasible and not likely to be followed by the need for further reorganization or liquidation.

Thus the Plan is based on reality and it is not a mere visionary scheme. For these reasons, the Plan satisfies the feasibility requirement of Section 1129(a) (11).

**9. Payment of Fees (11 U.S.C. § 1129(A) (12)).**

Bankruptcy Code section 1129(a) (12) mandates the payment of all fees required under 28 U.S.C. § 1930, including filing fees and United States Trustee Quarterly Fees. The Debtor believes that all such fees have been paid on a current basis and that no obligations in this regard will exist on the Effective Date of the Plan. In the event that any such fees are owing on the Effective Date they would be nominal in the context of the Plan and they will be paid. Thus, the requirement of section 1129(a) (12) is satisfied.

### 10. Continuance Of Retiree Benefits 11 U.S.C. § 1129(A)(13))

The Debtor is not obligated for any retiree benefits as that term is defined in section 1114, and therefore section 1129(a) (l3) does not apply.

### 11. Domestic Support Obligations Section 1129(a)(14)

Section 1129(a)(14) provides that if the debtors are required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such statute for such obligation that first became payable after the date of the filing of the petition. §1129(a) (14), The Debtor does not have Domestic Support Obligations.

### 12. Debtor's Prospective Income 11 U.S.C. § 1129(A)(15))

Where the debtor is an individual and a holder of an unsecured claim objects to confirmation, Section 1129(a)(15) requires that "the value, as of the effective date of the Plan, of the property to be distributed under the Plan on account of such claim is not less than the amount of such claim," or "the value of the property to be distributed under the Plan or not less than the projected disposable income of the debtor (as defined in Section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer." 11 U.S.C §1129(a) (15). Here, this Section does not apply because unsecured claimants have not objected to confirmation. The Court should confirm the Plan Pursuant to Section 1129(B).

## **Conclusion**

The Debtor will demonstrate at the confirmation hearing that the Plan satisfies each of the requirements contained in section 1129. Therefore, the Debtor is entitled to an order of the court confirming his Plan.

Dated: September 14, 2018                    Respectfully Submitted,

**/s/Onyinye N. Anyama**
Onyinye N. Anyama
Counsel for Debtors and Debtors-in-possession

- MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION PURSUANT TO §1129(a)- 15

# DECLARATION OF EDUARDO ANTONIO CANAS

I, Eduardo Antonio Canas, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as witness, I could and would competently testify to the truthfulness of all of the below statements:

1. I am the debtor in the instant bankruptcy proceeding, Case No. **1:17-BK-13263-MT.**

2. I make this declaration in support of my *Motion to Confirm Chapter 11 plan of Reorganization.*

3. I reside in Los Angeles, California and I am the owner of the subject property located at:

- **1315 S. Keene Avenue, Compton, CA** *(single family home)*

*(Hereafter referred to as "the Rental Property)* Single family Residence, Title held by Debtor.

4. I am currently a Real Estate Agent and employed by Q Biz Media.

5. Commencing on the effective date of the plan, I will make payments to my secured creditors, administrative claims and plan payments until the full amount of the claims are satisfied in accordance with the terms of the Chapter 11 plan.

###

###

###

- MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF PLAN OF REORGANIZATION PURSUANT TO §1129(a)-   16

6. The Plan has been proposed in good faith and is consistent with the objectives of the Bankruptcy Code. I have drastically cut my personal and operating business expenses related to the real property and have steadily increased my cash flow in order to propose a confirmable Plan.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct and that this Declaration was executed this 14th day of September 2018, at Los Angeles, California.

_____
Eduardo Antonio Canas
Debtor and Debtor-in-possession

| In re: | | CHAPTER: **11** |
|---|---|---|
| **Eduardo Antonio Canas** | Debtor(s). | CASE NUMBER:**1:17-bk-13263-MT** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**18000 Studebaker Road
Suite 325
Cerritos, CA 90703**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR-IN-POSSESSIONS MOTION TO CONFIRM CHAPTER 11 PLAN OF REORGANIZATION; DECLARATION OF EDUARDO ANTONIO CANAS IN SUPPORT THEREOF**
**;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **9/14/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Onyinye N Anyama on behalf of Debtor Eduardo Antonio Canas
onyi@anyamalaw.com, anyamainfo@gmail.com;info_anyama@ecf.courtdrive.com**

**Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov**

**Todd S Garan on behalf of Creditor PROF-2013-M4 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee; Fay Servicing, LLC as servicer
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com**

**Todd S Garan on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com**

**Jolene Tanner on behalf of Creditor UNITED STATES OF AMERICA on behalf of the INTERNAL REVENUE SERVICE
jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov**

**United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov**

**Gilbert R Yabes on behalf of Creditor PROF-2013-M4 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee; Fay Servicing, LLC as servicer
ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **9/14/2018** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Secured and Twenty Largest Unsecured Creditors
Judge's Copy-Hon. Maureen Tighe-21041 Burbank Boulevard, Suite 324 / Courtroom 302
Woodland Hills, CA 91367**

☑ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012* **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER **11** |
|---|---|---|
| **Eduardo Antonio Canas** | | |
| | Debtor(s). | CASE NUMBER **1:16-bk-10767-MT** |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **September 14, 208** | **Elizabeth Cruz** | | **/s/Elizabeth Cruz** |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

**Debtors**
Eduardo Antonio Canas
20062 Londelius St
Northridge, CA 91324

**Debtors Attorney**
Onyinye N. Anyama
Anyama Law Firm, A Professional Corporation
18000 Studebaker Road,
Suite 325
Cerritos, CA 90703

**Attorney for Trustee:**
Katherine Bunker
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

**Secured Creditors**
**(via certified/priority mail)**
Gilbert Yates
Aldridge | Pite, LLP
4375 Jutland Drive
San Diego, CA 92117

Fay Servicing, LLC
Attn: Correspondence Mail
440 S Lasalle St 20th Fl
Chicago, IL 60605

Fay Servicing
Attn: Corporate Officer
PO Box 809441
Chicago, IL 60680

Los Angeles County Treasurer & Tax Collector
P.O Box 54110
Los Angeles, CA 90054

M A S Financial Servic
801 N Parkcenter Dr #104
Santa Ana, CA 92705

Statewide Auto
12039 Branford St
Sun Valley, CA 91352

**Internal Revenue Service**
Internal Revenue Service
300 North Los Angeles St, MS 5022
Los Angeles, CA 90012

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, Ca 90012

United States Department of Justice
Ben Franklin Station
P.O Box 683
Washington, DC 20044

**U.S. Securities and Exchange Commission**
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA 90071

**Franchise Tax Board**
Bankruptcy Section MS A340
Franchise Tax Board
P.O Box 2952
Sacramento, CA 95812

**Twenty Largest Unsecured Creditors**
**(Note this category also contains all general unsecured creditors)**
American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

Calvary Portfolio Services
500 Summit Lake Dr
Ste 400
Valhalla, NY 10595

Lvnv Funding Llc
Po Box 10497
Greenville, SC 29603

Merrick Bank
Resurgent Capital Services
P.O Box 10368
Greenville, SC 29603

Resurgent Capital Services c/o
Lvnv Funding Llc
Po Box 10587
Greenville, SC 29603